ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK (CBN 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 No. Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6166
    Facsimile:  (213) 894-7177
    Email: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF THE INTERNET DOMAIN NAME "DAJAZ1.COM" | CR MISC. NO. 11-00110<br><br>EX PARTE APPLICATION FOR ORDER EXTENDING FOR SIXTY DAYS THE DEADLINE FOR FILING COMPLAINT FOR FORFEITURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA STEVEN R. WELK<br><br>[UNDER SEAL] |

The United States of America ("the government") hereby applies to this court for an order extending for sixty days the time within which to file a civil forfeiture complaint against the asset listed above (the "seized asset"), which was seized on November 24, 2010. This application is made pursuant to the Court's inherent authority to control its dockets and 18 U.S.C. § 983.

1  As explained below, there is an on-going criminal
2  investigation concerning the above-listed asset that arises out
3  of the same facts which supported the seizure of the asset.  <u>See</u>
4  Welk Decl.  There is currently a deadline of May 16, 2011 for the
5  filing of a civil forfeiture complaint against the asset.
6  However, the government believes that the filing of a complaint
7  while the criminal investigation is on-going will have an adverse
8  effect on the investigation.  The government requests a sixty-day
9  extension of the filing deadline (to July 15, 2011) in order to
10 protect the criminal investigation.
11      This application is made <u>ex parte</u> and under seal so as not
12 to expose the existence and scope of the criminal investigation,
13 which would likely be seriously jeopardized by the filing of a
14 forfeiture complaint.
15 DATED: May 9, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_____
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND STATEMENT OF FACTS

By this application, the United States of America ("the government") requests a sixty (60) day extension of the deadline to file a judicial complaint for forfeiture against the domain name "DAJAZ1.com," which was seized pursuant to a federal seizure warrant on November 24, 2010 in connection with what is believed to have been serious and repeated violations of federal law relating to the distribution of copyrighted intellectual property (the "seized asset" or "domain name").

Following the seizure of the domain name by agents of Immigration and Customs Enforcement ("ICE"), the Department of Homeland Security, Customs and Border Protection ("CBP") initiated administrative forfeiture proceedings against it. The owner of the domain name, Andre Nasib, submitted a claim in the administrative proceedings, requesting that the matter be referred to the U.S. Attorney's Office in this district (the "USAO") for judicial forfeiture proceedings. In the meantime, ICE continued its investigation.

The USAO has determined that further criminal investigation is appropriate and so the investigation is still on-going. The current deadline for the filing of a civil forfeiture complaint is May 16. The governing statute, discussed below, authorizes the court to extend the filing deadline where the filing of the complaint would have an adverse effect on a related criminal investigation. The requested deadline would be July 15, 2011.

## II.

## ARGUMENT

There are two potential grounds for granting the relief requested by the government here. First, the Court possesses the inherent authority to extend filing deadlines because it has the power to control the disposition of the causes on its docket with economy of time and effort for itself, counsel and litigants. See, e.g., Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L.Ed 153 (1936). In addition, 18 U.S.C. § 983(a), which governs the procedural aspects of federal administrative and judicial civil forfeiture proceedings, provides specific authority for the extension of a deadline for the filing of a judicial civil forfeiture complaint. Section 983(a)(3)(A) provides that

> Not later than 90 days after [an administrative] claim has been filed, the Government shall file a complaint for forfeiture[,] . . . except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

Generally speaking, where the government seizes property for forfeiture, the seizing agency is required to send notice of the seizure and the agency's intent to commence administrative (i.e., non-judicial) forfeiture proceedings within 60 days. An owner of the seized property who wishes to contest the forfeiture may submit an administrative claim to the agency, which filing has the effect of suspending the administrative proceedings so that the matter may be referred to the USAO of the district in which the seizure occurred. The quoted provision above requires the

government to file a complaint within 90 days of the submission of the administrative claim.

Here, claimant Nasib submitted an administrative claim on February 15, 2011, making the government's complaint due on May 16, 2011. However, the filing of a complaint would require the government to reveal, not only in the complaint itself but in the disclosures that necessarily would follow, information concerning the on-going criminal investigation. The disclosure of that information would likely have an adverse effect on the investigation, if for no other reason than it would indicate the direction and scope of the investigation.

Under the circumstances, good cause exists for the requested sixty day extension. While "good cause" is not defined in § 983 (a)(3)(A), another extension provision in § 983 (authorizing extension of the administrative notice deadline) includes specific examples of proper bases for an extension, including situations where sending notice to the owner "may have an adverse result, including . . . seriously jeopardizing an investigation . . . ." § 983(a)(1)(D)(v). [1]

---

[1] 18 U.S.C. § 983(a)(1)(C) and (D) provide:

(C) Upon motion by the Government, a court may extend the period for sending notice under subparagraph (A) for a period not to exceed 60 days, which period may be further extended by the court for 60-day periods, as necessary, if the court determines, based on a written certification of a supervisory official in the headquarters office of the seizing agency, that the conditions in subparagraph (D) are present.

(D) The period for sending notice under this paragraph may be extended only if there is reason to believe that notice may have an adverse result, including-

For the foregoing reasons, the government requests that the court grant a sixty day extension (from May 16 to July 15, 2011) of the time within which the government is required to file a forfeiture complaint against the seized asset.

DATED: May 9, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_____
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

---

(i) endangering the life or physical safety of an individual;

(ii) flight from prosecution;

(iii) destruction of or tampering with evidence;

(iv) intimidation of potential witnesses; or

(v) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

## DECLARATION OF AUSA STEVEN R. WELK

I, Steven R. Welk, declare:

1. I am an Assistant United States Attorney for the Central District of California, and am the attorney primarily responsible for the representation of the United States in connection with this matter. The facts stated herein are within my personal knowledge or were made known to me through official law enforcement sources that I believe to be reliable, and I believe them to be true.

2. This matter involves the government's seizure and efforts to effect the forfeiture of an internet domain name. The domain name was seized pursuant to a federal seizure warrant on or about November 24, 2010 for violation of federal laws relating to the distribution of copyrighted intellectual property. The seizure was made by agents of Immigration and Customs Enforcement.

3. Following the seizure, the Department of Homeland Security, Customs and Border Protection, initiated timely administrative forfeiture proceedings against the domain name, and sent direct notice to the owner of the asset. On February 15, 2011, claimant Andre Nasib submitted a timely administrative claim, and the matter was referred to my attention at the U.S. Attorney's Office. In the meantime, ICE continued its investigation.

4. By this application, the government requests a sixty (60) day extension of the deadline to file a judicial complaint for forfeiture against the domain name. I have met with the

7

investigating agent, agency counsel and another prosecutor in this office, and it has been determined that further criminal investigation is appropriate. The investigation is still on-going. The current deadline for the filing of a civil forfeiture complaint is May 16. I believe that the disclosures that would be required in the complaint and in further proceedings in a civil judicial forfeiture case would have an adverse effect on the related criminal investigation. The requested extended deadline is July 15, 2011.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of May, 2011 in Los Angeles, California

_____
STEVEN R. WELK