```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK (CBN 149883)
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5       Federal Courthouse, 14th Floor
         312 No. Spring Street
 6       Los Angeles, California 90012
         Telephone:  (213) 894-6166
 7       Facsimile:  (213) 894-7177
         Email: Steven.Welk@usdoj.gov
 8
    Attorneys for Plaintiff
 9  United States of America
```

FILED 2011 JUL 14 PM 3:32

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE ) OF THE INTERNET DOMAIN NAME ) "DAJAZ1.COM" ) ) ) ) ) ) ) ) ) ) ) | CR MISC. NO. 11-00110<br><br>EX PARTE APPLICATION FOR ORDER EXTENDING FOR SIXTY DAYS THE DEADLINE FOR FILING COMPLAINT FOR FORFEITURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SPECIAL AGENT ANDREW T. REYNOLDS<br><br>**[UNDER SEAL]** |

The United States of America ("the government") hereby applies to this court for an order extending for sixty days the time within which to file a civil forfeiture complaint against the asset listed above (the "seized asset"), which was seized on November 24, 2010. This application is made pursuant to the Court's inherent authority to control its dockets and 18 U.S.C. § 983.

As explained below, there is an on-going criminal investigation concerning the above-listed asset that arises out of the same facts which supported the seizure of the asset. See Reynolds Decl. There is currently a deadline of July 15, 2011 for the filing of a civil forfeiture complaint against the asset.[1] However, the government believes that the filing of a complaint while the criminal investigation is on-going will have an adverse effect on the investigation. The government requests a sixty-day extension of the filing deadline (to September 13, 2011) in order to protect the criminal investigation.

This application is made ex parte and under seal so as not to expose the existence and scope of the criminal investigation, which would likely be seriously jeopardized by the filing of a forfeiture complaint.

DATED: July 14, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_____
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

---

[1] On May 13, 2011, the Court granted the government's ex parte application to extend the time within which to file a civil forfeiture complaint from May 16, 2011 to July 15, 2011. See, In the Matter of the Seizure of the Internet Domain Name "DAJAZ1.com", CR Misc. No. 11-00110.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

INTRODUCTION AND STATEMENT OF FACTS

By this application, the United States of America ("the government") requests a sixty (60) day extension of the deadline to file a judicial complaint for forfeiture against the domain name "DAJAZ1.com," which was seized pursuant to a federal seizure warrant on November 24, 2010 in connection with what is believed to have been serious and repeated violations of federal law relating to the distribution of copyrighted intellectual property (the "seized asset" or "domain name").

Following the seizure of the domain name by agents of Immigration and Customs Enforcement ("ICE"), the Department of Homeland Security, Customs and Border Protection ("CBP") initiated administrative forfeiture proceedings against it. The owner of the domain name, Andre Nasib, submitted a claim in the administrative proceedings, requesting that the matter be referred to the U.S. Attorney's Office in this district (the "USAO") for judicial forfeiture proceedings. In the meantime, ICE continued its investigation.

The USAO has determined that further criminal investigation is appropriate and so the investigation is still on-going. The current deadline for the filing of a civil forfeiture complaint is July 15, 2011. The governing statute, discussed below, authorizes the court to extend the filing deadline where the filing of the complaint would have an adverse effect on a related criminal investigation. The requested deadline would be

September 13, 2011.

## II.

## ARGUMENT

There are two potential grounds for granting the relief requested by the government here. First, the Court possesses the inherent authority to extend filing deadlines because it has the power to control the disposition of the causes on its docket with economy of time and effort for itself, counsel and litigants. See, e.g., Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L.Ed 153 (1936). In addition, 18 U.S.C. § 983(a), which governs the procedural aspects of federal administrative and judicial civil forfeiture proceedings, provides specific authority for the extension of a deadline for the filing of a judicial civil forfeiture complaint. Section 983(a)(3)(A) provides that

> Not later than 90 days after [an administrative] claim has been filed, the Government shall file a complaint for forfeiture[,] . . . except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

Generally speaking, where the government seizes property for forfeiture, the seizing agency is required to send notice of the seizure and the agency's intent to commence administrative (i.e., non-judicial) forfeiture proceedings within 60 days. An owner of the seized property who wishes to contest the forfeiture may submit an administrative claim to the agency, which filing has the effect of suspending the administrative proceedings so that the matter may be referred to the USAO of the district in which the seizure occurred. The quoted provision above requires the

4

government to file a complaint within 90 days of the submission of the administrative claim.

Here, claimant Nasib submitted an administrative claim on February 15, 2011, making the government's complaint due on May 16, 2011. However, the filing of a complaint would require the government to reveal, not only in the complaint itself but in the disclosures that necessarily would follow, information concerning the on-going criminal investigation. The disclosure of that information would likely have an adverse effect on the investigation, if for no other reason than it would indicate the direction and scope of the investigation.

Under the circumstances, good cause exists for the requested sixty day extension. While "good cause" is not defined in § 983 (a)(3)(A), another extension provision in § 983 (authorizing extension of the administrative notice deadline) includes specific examples of proper bases for an extension, including situations where sending notice to the owner "may have an adverse result, including . . . seriously jeopardizing an investigation . . . ." § 983(a)(1)(D)(v). [2]

---

[2] 18 U.S.C. § 983(a)(1)(C) and (D) provide:

(C) Upon motion by the Government, a court may extend the period for sending notice under subparagraph (A) for a period not to exceed 60 days, which period may be further extended by the court for 60-day periods, as necessary, if the court determines, based on a written certification of a supervisory official in the headquarters office of the seizing agency, that the conditions in subparagraph (D) are present.

(D) The period for sending notice under this paragraph may be extended only if there is reason to believe that notice may have an adverse result, including—

1  For the foregoing reasons, the government requests that the
2  court grant a sixty day extension (from July 15, 2011 to
3  September 13, 2011) of the time within which the government is
4  required to file a forfeiture complaint against the seized asset.
5  DATED: July 14, 2011           Respectfully submitted,

                                  ANDRÉ BIROTTE JR.
                                  United States Attorney
                                  ROBERT E. DUGDALE
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  /s/ R. Welk
                                  _____
                                  STEVEN R. WELK
                                  Assistant United States Attorney
                                  Chief, Asset Forfeiture Section

                                  Attorneys for Plaintiff
                                  United States of America

---

(i) endangering the life or physical safety of an individual;

(ii) flight from prosecution;

(iii) destruction of or tampering with evidence;

(iv) intimidation of potential witnesses; or

(v) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

## DECLARATION OF SPECIAL AGENT ANDREW T. REYNOLDS

I, Andrew T. Reynolds, declare:

1. I am a Special Agent with the U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and am currently assigned to the Office of the Special Agent in Charge, Los Angeles (SAC/LA) Intellectual Property Rights group.

2. This declaration is submitted in support of the Government's ex parte application for a court ordered extension of the 60 day notice period, as required by 18 U.S.C. § 983(a)(1)(A)(i). The facts stated below are within my personal knowledge and I believe all the information to be true. This affidavit does not purport to set forth all of my knowledge of, or investigation into, this matter.

3. HSI initiated an investigation into websites that allow the unauthorized downloading of copyrighted music and motion picture files by members of the general public. The domain name "DAJAZ1.com" was seized pursuant to a federal seizure warrant on or about November 24, 2010 in connection with what the investigation revealed to be serious and repeated violations of federal law relating to the distribution of copyrighted intellectual property.

4. HSI continues its investigation in locating records of material, purported to be infringing and removed due to rights-holder request, connected to DAJAZ1.com; identifying revenue associated with the DAJAZ1.com website; identifying DAJAZ1.com administrator(s), associates and business partners; and locating and evaluating material being distributed by DAJAZ1.com associates and affiliates.

5. A sampling of content obtained from the DAJAZ1.com website and its purported affiliate websites was submitted for rights holder evaluation and has yet to be returned to HSI, SAC/LA.

6. The filing of a civil forfeiture complaint while the criminal investigation is on-going will have an adverse effect on the investigation. Persons being investigated would learn the nature, scope, and history of the Government's investigation. Individuals connected to this investigation could flee, destroy evidence of their criminal activity, dissipate assets, or otherwise

obstruct the purposes of this on-going investigation. Moreover, the disclosures required by the initiation of a civil forfeiture action would make it difficult to continue the covert elements of the investigation.

7. I declare under penalty of perjury under the laws of the U.S. that the foregoing is true and correct.

Executed on July 13, 2011, at Los Angeles, California

Andrew T. Reynolds, Special Agent<br>
Homeland Security Investigations<br>
Immigration and Customs Enforcement